STATE OF MISSOURI, Respondent, v. OTTO JONAS, Appellant.

St. Louis Court of Appeals, February 15, 1898.

1. Evidence, Circumstantial: DEMURRER: INSTRUCTION. *Held:* That, under the showing in this case, the contention that the demurrer to the evidence should have been sustained and the objection to the instruction on the subject of a conviction by circumstantial evidence, were without any merit.

*Appeal from the Dent Circuit Court.*—HON. C. C. BLAND, Judge.

AFFIRMED; Judge BIGGS concurring, Judge BLAND not sitting.

*C. D. Jamison* for appellant.

It was not admissible to convict the defendant under a different name than that under which he was charged. *Fanny v. State*, 6 Mo. 122; *Wood v. Hicks*, 36 *Id*. 326.

It was error to admit incompetent testimony, though corroborative, which tended to draw the minds of the jury from the point in issue. *State v. McGuire*, 16 Mo. App. 558; *Ritter v. Bank*, 87 Mo. 574.

The court erred in giving instruction 4 on the part of the state. *State v. Taylor*, 111 Mo. 538.

It was the duty of the court to instruct on all questions of law arising in the case. *State v. Sharp*, 106 Mo. 106; *State v. Palmer*, 88 *Id*. 569.

No brief filed for respondent.

BOND, J.—The defendant was convicted before a justice, and on appeal, in the circuit court, of a violation of the dramshop law. He appeals to this court.

The evidence tended to show that defendant stayed at the Williams House is the town of Salem; that at a partition between the rooms of this house a revolving wheel was placed, where customers could put money and give orders for drinks, and then give the wheel a turn, and thereafter it would revolve again so as to bring back the liquor ordered. The proprietor of this device was known as "Texas Jack." As such, shipments of intoxicants were billed to him at Salem. There was evidence that defendant was called "Texas Jack," and one witness testified as follows: "I have heard him called 'Texas Jack.' I bought liquor in that building about February 20th, 1896. When I went into the building I went to the restaurant; there are three or four rooms, and I turned to the right into another little room. I placed a quarter on the wheel and turned it but did not get any response. Jonas was in the restaurant playing cards. After I. called for it again he left his cards and went around through the third room and came back behind where the wheel was and I heard him take the quarter off and put what I called for on there and turn the wheel back. I started out but stopped to watch them play cards a minute and he came back and picked up his cards and I went out. It was half a pint of whiskey I got. It was here in Dent county. At that time I saw Williams and Gibson down there, four or five persons were there at the time. I did not see any person sell the whiskey." There was other circumstantial evidence

EVIDENCE, circumstantial: demurrer: instruction.

corroborative of the foregoing. Under this showing it is clear that there is no merit in the contention of appellant that his demurrer to the evidence should have been sustained; nor is there any merit in the objection urged to the instruction on the subject of a conviction by circumstantial evidence. The instruction in question is strictly modeled after the one approved by the supreme court in *State v. Moxley,* 102 Mo. *loc. cit.* 388. Appellant makes some complaint as to the admission of evidence tending to show that he was known in the community under the name of "Texas Jack." There was no error in admitting this proof, in view of the other testimony tending to show that "Texas Jack" was the owner of the wheel and the consignee of liquors such as were sold by that contrivance. The judgment will be affirmed. Judge BIGGS concurs; Judge BLAND not sitting.